# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:14po00049 |
| vs. | : | Chief Magistrate Judge Sharon L. Ovington |
| WARREN EASTERLING, | : | |
| Defendant. | : | |

## ORDER

Defendant Warren Easterling was charged by Information on August 4, 2014 with criminal trespass, in violation of 18 U.S.C. §§ 7 & 13, and Ohio Rev. Code § 2911.21(A)(2).  (Doc. #1, *PageID#* 1).  Upon Defendant's application for appointment of counsel pursuant to 18 U.S.C. § 3006A, and review of his Financial Affidavit, the Court appointed F. Arthur Mullins, Federal Public Defender, to represent Defendant in this matter.  (Doc. # 5; Minute Entry dated 8/4/2014).

On September 22, 2014, Defendant filed a *pro se* "Motion for Enlargement of Time to Prepare a Defense (Fed Civ. R. 45(B)) and Motion to Appoint New Legal Counsel."  (Doc. #8).  That same day, Defendant filed two additional *pro se* motions: a Motion for Recusal (Doc. #9) and a Motion to Dismiss (Doc. #10).  Defendant thereafter filed a *pro se* Motion to Continue (Doc. #12) on September 26, and a *pro se* Motion for Discovery and Interrogatories (Doc. #13) on October 6.

Although Defendant's request for substitute counsel still remains pending and under review at this time, *see* Doc. #8, Defendant's four other *pro se* motions will not be considered as they are not properly before the Court. This is so due to the fact that Defendant is presently represented by counsel and has no right to also proceed *pro se*. *See United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987)("The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other."); *see also Wilson v. Hurt*, 29 Fed. Appx. 324 (6th Cir. 2002) (noting that a criminal defendant "has no constitutional right to demand 'hybrid representation,' such as conducting his own defense with the occasional assistance of counsel." (citing *Mobley*, 810 F.2d at 97-98)). These four *pro se* motions will therefore be stricken from the record. *See United States v. Flowers*, 428 Fed. Appx. 526, 530 (6th Cir. 2011)("This court has declined to consider *pro se* arguments where defendant is represented by counsel . . . as have district courts within this circuit . . . .")(citing *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009) and *United States v. Degroat*, No. 97-CR-20004-DT-1, 2009 U.S. Dist. LEXIS 26597, 2009 WL 891699, at *1 (E.D. Mich. Mar. 31, 2009)); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally <u>or</u> by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.")(emphasis added).

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion for Recusal (Doc. #9), Motion to Dismiss (Doc. #10), Motion to Continue (Doc. #12), and Motion for Discovery and Interrogatories (Doc. #13) are STRICKEN from the record; and,

2. The case remains pending on the docket of this Court.

October 8, 2014

>  s/Sharon L. Ovington
>  Sharon L. Ovington
>  Chief United States Magistrate Judge